IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALBERTO TREJO,<br>AIS 266435,<br><br>　　　Plaintiff,<br><br>v.<br><br>OFFICER K. FAIR, et al.,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 2:24-CV-269-RAH-KFP<br>)<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff Alberto Trejo, an inmate proceeding pro se and in forma pauperis, is confined at Kilby Correctional Facility in Mt. Meigs, Alabama. Plaintiff filed this action using this Court's standard form for complaints brought under 42 U.S.C. § 1983. Doc. 1. He names Officer K. Fair and Arnold Mercado, Chief Law Enforcement Officer for the Alabama Department of Corrections. *Id*. After review and consideration of Plaintiff's filing, the undersigned RECOMMENDS that this case be DISMISSED for the reasons set forth below.

**II.   STANDARD OF REVIEW**

Because Plaintiff was granted leave to proceed in forma pauperis (Doc. 7), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires that, despite the payment of a filing fee or any portion thereof, the Court must dismiss the case at any time if it determines the Complaint is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b). To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a plausible claim for relief, a plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In applying § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). *See also* 28 U.S.C. § 1915A(a) (stating court shall review civil action by prisoner against governmental entity or officer or employee before docketing, if feasible, or as soon as practicable after docketing).

## III.   THE COMPLAINT

Plaintiff sues Defendants Fair and Mercado for acting with deliberate indifference to his safety by allowing a DEA agent to question him in front of other inmates during a shakedown of his dorm. Doc. 1 at 2–3. Because of this encounter, Plaintiff alleges

Defendants knew he would be labeled a "snitch" and become a target for prison gangs. *Id.* at 3. Plaintiff alleges Defendants acted unconstitutionally by making him appear to be an informant so he would fear for his life and ultimately agree to approach Defendants with information. *Id.* For relief, Plaintiff seeks $1 million in damages and his release from the Alabama Department of Corrections to a pending federal detainer. *Id.* at 4. According to the Complaint, the incident about which Plaintiff complains occurred on March 11, 2020. *Id.* at 2.

## IV.   DISCUSSION

The statute of limitations is usually raised as an affirmative defense. In an action proceeding in forma pauperis under § 1983, the Court may consider affirmative defenses apparent from the face of the Complaint. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *Ali*, 892 F.2d 438. "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id.* at 640 n.2 (citation omitted); *Smith v. Shorestein*, 217 F. App'x 877, 880 (11th Cir. 2007) (same).

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id.* (*citing* Ala. Code § 6-2-38 and *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Generally, the limitations period begins to run from the date "the facts which would support a cause

of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (internal quotation marks and citation omitted).

By Plaintiff's own admission, the events described in the Complaint occurred in March 2020, but Plaintiff did not file this action until April 30, 2024,[1] which is more than two years after the limitations period expired. Thus, it is clear from the face of the Complaint that this action is time-barred and due to be dismissed. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (stating that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants").

## V.  CONCLUSION

Accordingly, the undersigned RECOMMENDS that this action be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

Further, it is ORDERED that by **July 25, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal

---

[1] The Court considers April 30, 2024, to be the filing date of the Complaint. Although the Clerk stamped the petition "filed" on May 3, 2024, Plaintiff signed the document on April 30, 2024, and a pro se inmate's complaint is deemed by law to have been filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271–272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993).

[2] Courts may dismiss a pro se complaint without affording an opportunity to amend when the potential amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (holding that "[a] district court need not, however, allow an amendment . . . where amendment would be futile"); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). Because Plaintiff's § 1983 claims are barred by the applicable two-year statute of limitations, the Court finds that any amendment would be futile. *See Bowhall v. Dep't of Def.*, No. 2:10-CV-607, 2010 WL 4806970, at *4 (M.D. Ala. Sept. 22, 2010), *report and recommendation adopted*, No. 2:10-CV-607-WKW, 2010 WL 4791649 (M.D. Ala. Nov. 18, 2020) (noting that, because plaintiff's claims were clearly barred by Alabama's two-year statute of limitations, they warranted dismissal as frivolous and any amendment would be futile).

conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3–1.

DONE this 11th day of July, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE